## Case No. 4,489.

ENGLEHART et al. v. The PEDRO.[1]
District Court, S. D. Florida. Feb. 24, 1879.

G. Bowne Patterson, for libellants.
W. C. Maloney, Jr., for respondent.

LOCKE, District Judge. This is a cause on a contract of affreightment, brought by the consignee of cargo shipped on board the libelled vessel, for loss and damage. The libel alleges that there were shipped on board the said brig at Ponce, P. R., 280 hhds. and 85 bbls. of sugar to be carried to Queenstown, and a bill of lading signed by the master; that the vessel went into Nassau, N. P., where the master sold one hundred hogsheads of the sugar; that after leaving Nassau with the rest of the cargo he willfully and completely deviated from his course and brought his vessel

---

[1] [Not previously reported.]

into this port, where the voyage was abandoned, her owners refusing to carry the cargo to its destination, whereby it has suffered loss and damage. The shipment of the cargo and the sale as alleged in Nassau is admitted. The loss, damage and delay at this port is sought to be justified by the fact that the vessel was under attachment in a salvage suit [Case No. 8,995], and that the master was dispossessed of it; and it is claimed that the accounting for the proceeds of the cargo sold at Nassau is a matter of general average and not of contract, and that the master is but waiting the decision of this cause to forward the accounts to average adjusters in New York for adjustment. The admissions of the answer, without any testimony in support of the libel, are sufficient to determine the cause. It admits the sale of a hundred hogsheads of sugar, but does not offer any excuse for said sale, nor tender any account of the proceeds. From the moment of the sale the vessel and her owners became liable to the owners of the cargo for its value, and could be called upon by them to account immediately upon the termination of the voyage. It is a matter of contract, and damage resulting therefrom, and is in no way shown by allegations or testimony to be a question of general average. It is not shown that there was any necessity for the sale, or that the proceeds were expended or used, and the burden of proof rests entirely upon the carrier to justify his action. In this case nothing of the kind has been attempted, and the vessel is unquestionably liable for the full value of the cargo so sold, which has been shown to be fully four thousand dollars.

There is no question but what, if the allegations of the libel in regard to an unnecessary deviation of the voyage and coming into this port are sustained by the testimony presented, the entire damages caused by such deviation and delay would also be chargeable to the vessel; but I have considered it unnecessary to examine that question, as by the admissions of the answer the damages resulting from the sale of cargo are shown to far exceed the proceeds of sale of vessel in the registry of the court, to which any judgment herein must be limited. This cause having been fully heard, and the court being duly advised in the premises, and the vessel having been sold upon application of the master and order of the court for the sum of one thousand nine hundred and seventy-five dollars, it is hereby ordered, judged and decreed that the libellant have and receive the entire proceeds of said sale of said vessel now remaining in the registry of the court after the payment of the costs, expenses and charges taxed and allowed against said proceeds in the case of Malone v. The Pedro and Cargo [Case No. 8,995] in a cause of salvage, the amounts paid wages of crew upon petition, and the costs of this suit, and that the bond filed by E. M. Stoddard in the case of Malone v. The Pedro and Cargo [supra] be cancelled and annulled.